(Pleito No. 17.—Fallado el 12 de Enero de 1900.)

## González contra Banco.

Recurso contra sentencia dictada por el Tribunal de Distrito de San Juan.

1.—Elección de tramitaciones. Una parte que acuerda someter un pleito al trámite de conclusiones, no puede alegar que hubo infracción de ley porque á dicho pleito no se le diese el trámite de la vista pública.

2.—Negativa de la certeza de firmas. La parte que negase la certeza de una firma deberá hacerlo en las diligencias preparatorias del juicio si dicha negativa se hubiese hecho constar y práctica para su prueba se hubiese presentado.

3.—Testimonio de peritos. Un Tribunal tiene reservado el derecho de someter á su sano criterio la apreciación pericial.

4.—APRECIACIÓN DE UN HECHO.    Un hecho que un tribunal de justicia entiende que está probado no puede ser debatido, y por lo tanto, un motivo de error no puede fundarse en la apreciación de que no está probado.

SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á doce de Enero de mil novecientos, en el pleito pendiente ante Nos, en virtud de recurso de casación por infracción de ley seguido en el Tribunal de Distrito, establecido en esta Capital por Don Pedro Santisteban Chavarry y Don Vicente Antonetti y Antonini, como Presidente y Director Gerente, respectivamente, del Banco Territorial y Agrícola que tiene aquí su domicilio, representados y·dirigidos por el Letrado Don Juan Guzmán Benítez, con Don Andrés González Cantón, vecino de Naguabo, agricultor, litigando por derecho propio, representado y dirigido por el Lcdo. Don Herminio Díaz Navarro, sobre juicio declarativo de mayor cuantía, en cobro de pesos.—Resultando : Que dicho Tribunal de Distrito dictó sentencia en veinte y ocho de Octubre del año anterior consignando los hechos en los siguientes :—" Resul- " tando : · Que el Banco Territorial y Agrícola de Puerto " Rico demandó á Don Andrés González Cantón para que le " pagase la suma de dos mil ochocientos cincuenta y dos " pesos cincuenta y un centavos, más los intereses del nueve " por ciento anual y comisión del cuarto por ciento mensual " desde el día cuatro de Julio de mil ochocientos novénta y " ocho del capital debido hasta que el pago se efectúe y las " costas, y cuya deuda procede del documento privado, fecha " cuatro·de Febrero de mil ochocientos noventa y cinco, en " que el Don Andrés González Cantón.reconoció deber al " Banco Territorial y Agrícola la cantidad de cinco mil " pesos moneda mejicana, equivalente á cuatro mil setecien- " tos cincuenta pesos plata española y cuya cantidad debía " de devolver el González Cantón en esta Capital en tres " plazos iguales, vencederos respectivamente en los días cua- " tro de Febrero de mil ochocientos noventa y siete, y cuatro " de Febrero de mil ochocientos noventa y ocho, y otra

" deuda procedente de otro documento privado, pagaré, en
" que el expresado González Cantón reconoció deber al refe-
" rido Banco la suma de mil setecientos pesos moneda
" corriente provincial, pagaderos en esta Capital, vencederos
" respectivamente en cuatro de Febrero de mil ochocientos
" noventa y siete, cuatro de Febrero de mil ochocientos
" noventa y ocho, y cuatro de Febrero de mil ochocientos
" noventa y nueve, y cuyo pagaré es de fecha tres de Fe-
" brero de mil ochocientos noventa y seis, garantizada tanto
" la una como la otra obligación, por la otra sociedad
" mercantil de Cobián, Solís y Cª, habiendo satisfecho á
" cuenta de dichas cantidades el mencionado González
" Cantón algunas sumas, resultando deber en la fecha, dos
" mil setecientos diez y seis pesos sesenta y ocho centavos,
" ó sean mil quinientos ochenta y tres pesos treinta y tres
" centavos por resto del primer pagaré; y mil ciento treinta
" y tres pesos treinta y cuatro centavos por resto del segundo
" pagaré, y deber asimismo respecto á intereses y comisio-
" nes hasta la fecha de la interposición de la demanda la
" suma de ciento treinta y cinco pesos ochenta y tres centa-
" vos moneda corriente.—Resultando: Que admitida la
" demanda y después de varios trámites é incidentes promo-
" vidos por oposición hecha á los embargos preventivos prac-
" ticados y á un incidente sobre nulidad de actuaciones que
" fué declarado sin lugar, el demandado Andrés González
" Cantón dejó pasar ó transcurrir el término concedido para
" personarse y contestar á la demanda, á pesar y no obstante
" de estar citados y emplazados en debida forma, por lo que
" el Juzgado tuvo por contestada la demanda, acusada la
" rebeldía y por renunciado el trámite de réplica á petición
" del actor.—Resultando: Que abierto el juicio á prueba y
" señalado el plazo de diez días para que las partes propu-
" sieran lo que á sus respectivos derechos convenía, y abierto
" el segundo período de prueba ó sea el de ejecución, se
" practicó la propuesta por la representación del Banco
" Territorial y Agrícola, consistente en dictamen pericial, y

" confesión en juicio, y declaradas pertinentes dichas prue-
" bas, se practicó la primera, recayendo el nombramiento de
" peritos en Don José Francisco Díaz, Don Domingo Rubio
" y Don Gonzalo Padilla, los que aceptaron sus cargos, re-
" nunciando con posterioridad el perito Don Francisco Díaz,
" habiéndose designado ó nombrado para sustituirle á Don
" Leoncio Rodríguez, y reunidos los tres peritos, previo jura-
" mento prestado, dijeron que habían visto y reconocido las
" firmas indubitadas de fojas cincuenta y cinco y cincuenta
" y seis de estas actuaciones ó sea la de los pagarés, y con-
" frontadas con las dubitadas que aparecen á fojas sesenta y
" tres y sesenta y ocho de estas actuaciones y cotejadas unas
" con otras, tienen tanta semejanza que parecen tanto las
" dubitadas como las indubitadas trazadas por una misma
" mano.—Resultando :   Que prorrogado el término de prue-
" ba por todo el de la Ley, el actor renunció después á
" dicho término habiéndose practicado la prueba con cita-
" ción contraria y unidas las practicadas á los autos y ha-
" biendo transcurrido el término legal "sin que las partes
" pidieran vista pública", se entregaron los autos á las partes
" para conclusiones, habiendo evacuado dicho trámite las dos
" partes.—Resultando: Que en la sustanciación de este juicio
" se han observado las prescripciones legales sin que se haya
" cometido ni aparezca defecto ni omisión alguna."—Resul-
tando: Que bajo los fundamentos de derecho contenidos en
los artículos 1,091, 1,114, 1,125, 1,753, 1,755, 1,242 y 1,243
del Código Civil y regla 1ª del artículo 62 de la Ley de En-
juiciamiento Civil, se declaró con lugar la demanda y se
condenó á Don Andrés González Cantón al pago de dos mil
ochocientos cincuenta y dos pesos cincuenta y un centavos
reclamados, con los intereses del nueve por ciento anual y
comisión del cuarto por ciento mensual desde el día cuatro
de Julio de mil ochocientos noventa y ocho, del capital de-
bido, importe de las obligaciones suscritas por el demandado
y que ha dejado de satisfacer en parte y las costas causadas
en el embargo preventivo, diligencias preparatorias de eje-

cución y demás del juicio.—Resultando : Que contra dicha sentencia se preparó el recurso de casación que se tuvo por anunciado y se elevaron los autos originales á este Tribunal. —Resultando : Que Don Andrés González Cantón interpuso en tiempo su recurso fundándolo en los números 1º y 7º del artículo 1690 de la Ley de Enjuiciamiento Civil, citando como infringidos.—1º El párrafo último del artículo 15 en relación con el 74 de la Orden General número 118, por haberse fallado este asunto sin la previa celebración de vista pública.—2º El artículo 605 de la Ley de Enjuiciamiento Civil, por que sin una negativa previa, dentro del juicio declarativo, no ha podido admitirse la prueba pericial para el reconocimiento de firmas.—3º El mismo artículo citado, en la apreciación de la prueba ya que sólo con error de derecho y apartándose de las reglas de la sana crítica, ha podido estimarse como testimonio fehaciente de los hechos sentados por el actor, la declaración pericial, única prueba practicada, por que limitándose los peritos á decir que las firmas dubitadas é indubitadas del recurrente se le parecen, se necesitaba otro elemento de prueba que viniese á robustecer ese ligero indicio y además porque aún en el caso de que la afirmación pericial hubiera sido categórica, esto sólo probaría la autenticidad de los documentos privados, pero no que lo adeudado sea realmente la cantidad que se reclama.—Y 4º El principio jurídico que dice : *Actore non probante reus est absolvendus*, consignado como doctrina jurídica en varias sentencias del Tribunal Supremo de España.—Resultando : Que el recurrente no asistió al acto de la vista y el recurrido impugnó el recurso por los fundamentos que *in voce* desarrolló.—Visto: Siendo Ponente el Juez Asociado Don José Mª Figueras Chiqués.— Considerando : Que nadie puede volver sobre sus propios actos, combatiendo hoy lo que antes aceptó como bueno en provecho propio; y se infringiría este principio, si después de haber el recurrente consentido la tramitación que al pleito se dió utilizando el trámite de conclusiones en vez de

la vista pública que le brindaba el artículo 667 de la Ley de Enjuiciamiento Civil, se considerase infringida la disposición que cita en el primer motivo, tendente por su espíritu y por la ocasión en que se dictó á la brevedad y economía del procedimiento que hubiera tenido que retroceder con pérdida de tiempo y mayor dispendio para las partes.—Considerando: Que por el mismo espíritu de brevedad y economía y porque nada en contrario se opone, pudo y debió aprovecharse la negativa ó duda de la certeza de las firmas que ya constaba en las diligencias preparatorias de ejecución para fundar en ella la práctica de la prueba pericial en el juicio ordinario, sin necesidad de una nueva comparecencia del demandado para el reconocimiento, de cuyo acto nada lógica ni seriamente podía esperarse.—Considerando: Que en cuanto al tercer motivo, no se alega más disposición legal que el artículo 605, debe suponerse que es el 631, de la Ley de Enjuiciamiento Civil, que es precisamente el que reserva al racional criterio de los Tribunales la apreciación del valor probatorio de las declaraciones periciales.—Considerando que por el último motivo tampoco es admisible el recurso porque se hace supuesto de la cuestión debatida, toda vez que el recurrente entiende que no está probado lo que el Tribunal sentenciador entiende que lo está en uso de su exclusiva facultad.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley interpuesto por Don Andrés González Cantón, al que condenamos en las costas; y líbrese al Tribunal del Distrito de San Juan la certificación correspondiente con devolución de los autos que ha remitido.—Así por esta nuestra sentencia, que se publicará en la *Gaceta*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José Mª Figueras.—Juan Morera Martínez.—Luis de Ealo y Domínguez.—Manuel F. Rossy.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José

Mª Figueras Chiqués, Ponente en este recurso, celebrando audiencia pública dicho Tribunal en el día de hoy, de que certifico como Secretario, en Puerto Rico á doce de Enero de mil novecientos.—E. de J. López Gaztambide.